**Affirmed and Opinion Filed December 20, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-01042-CV

## KENNETH CRAIG WELLS AND DUSTY WELLS, Appellants
## V.
## MARK CROWELL AND SUZON CROWELL, Appellees

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-20-0760**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Nowell

This is an interlocutory appeal from an order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA).[1] Mark and Suzon Crowell contracted to sell a house to Kenneth Craig and Dusty Wells. The parties signed an amendment to the contract providing that the Crowells would "replace the roof." Three months after the sale closed, Kenneth Wells, unhappy with the replacement, confronted Suzon Crowell in a local grocery store and accused her and her husband of insurance fraud and "pulling a stunt" regarding replacement of the roof. The

---

[1] TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011.

Crowells later sued for breach of contract, assault, defamation, and intentional infliction of emotional distress (IIED). The Wellses moved to dismiss the defamation and IIED claims arguing the defamation claim was based on their exercise of the right of free speech and the IIED claim was based on their exercise of the right to petition. The trial court denied the motion to dismiss. We conclude the defamation claim arises out of a private dispute and does not involve a matter of public concern and the IIED claim is not based on or in response to a pre-suit demand letter alleged to be the exercise of the right to petition. We affirm the trial court's order.

## Background

We take the facts from the allegations in the Crowells' petition. On September 20, 2019, the Crowells contracted to sell a house to the Wellses using a One to Four Family Residential Contract form. After the inspection and after the contract's termination option expired, the Wellses requested an amendment to the contract regarding the roof of the house. The Crowells agreed to the amendment. On October 15, 2019, the Wellses and the Crowells signed an amendment to the contract confirming that the Crowells would "replace the roof" of the house prior to closing of the contract.

Over the next several days, the parties discussed replacing the gutters and screens on the house and the roofs on two garage buildings on the property. The Crowells alleged they:

presented the Wells Defendants with a second amendment to the

Contract that included replacement of all of the roofs on the property as per the Plaintiffs' insurance claim report and defined the type of roofing to be used (the previously signed First Amendment included replacement of the roof of the Residence only and left the type of roofing to be used at the discretion of Plaintiffs) as well as the gutters and screens on the Residence in exchange for payment of five thousand dollars ($5,000) at closing. The Wells Defendants declined this offer and did not execute the second amendment.

On December 7, 2019, the Crowells replaced the roof of the house. Because the Wellses did not accept the second amendment to the contract, the Crowells did not replace the gutters or screens, but did replace the roof of one of the garages. On December 10, 2019, the Wellses notified the Crowells' realtor they would not attend the closing because the gutters had not been replaced. However, despite the dispute over the replacement of the roof, the parties closed the contract for purchase of the house on December 12, 2019.

On March 25, 2020, three months after the closing, Suzon Crowell was shopping in a local grocery store. Kenneth Wells approached her and "verbally assaulted her, invaded her private space, and, in an extremely threatening manner, publicly repeatedly accused her of pulling a 'stunt,' a reference that Plaintiff Suzon Crowell did not understand." The Crowells alleged that Kenneth Wells waited until Mark Crowell had moved away from Suzon "so that he could corner her and intimidate and scare her." They further alleged:

Defendant K. Well's accusations were a blatant lie meant to disparage the reputation of Plaintiffs and were entirely inappropriate and without cause or merit. During the confrontation, Plaintiff Suzon Crowell feared for her safety, was subjected to public humiliation, and

–3–

experienced extreme distress. Defendant K. Wells' actions were meant only to harass Plaintiffs.

On April 3, 2020, the Crowells received a pre-trial demand letter from the Wellses' attorney, which they alleged contained "additional false allegations regarding the replacement of the roof of the Residence, an action meant solely to harass the Plaintiffs and pressure them into making a monetary payment to the Wells Defendants."

On June 12, 2020, the Crowells filed this lawsuit.[2] After incorporating the factual allegations into each cause of action, the Crowells alleged several causes of action against multiple defendants.[3] They alleged breach of contract against both of the Wellses, and assault, slander, and IIED against Kenneth Wells. Only the slander and IIED claims are at issue in this appeal.

Regarding the slander claim, the Crowells alleged:

Defendant K. Wells committed slander against Plaintiffs when he intentionally and knowingly publicly, in the midst of a crowd at a local grocery store frequented by Plaintiffs, accused Plaintiffs of committing insurance fraud and "pulling a stunt" regarding the sale of the Residence. Defendant K. Wells accusations were false, were known to him to be false, and were made solely for the purpose of damaging Plaintiffs' reputations.

On the IIED claim, they alleged:

---

[2] Because this lawsuit was filed after the effective date of the 2019 amendments to the TCPA, those amendments apply to this case. Unless otherwise stated, all references to the TCPA are to the current version. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687 (amendments effective September 1, 2019 apply to "an action filed on or after" that date).

[3] The Crowells also sued the Wellses' property inspector and realtor. Those defendants are not parties to this appeal.

Defendant K. Wells committed intentional infliction of emotional distress against Plaintiff Suzon Crowell when he intentionally and knowingly waited until she was physically separated from her husband, approached her in a hostile threatening manner, and repeatedly accused her, causing her to fear imminent bodily harm. Defendant K. Wells' actions were extreme and outrageous and caused Plaintiff Suzon Crowell severe emotional distress.

The Wellses filed a motion to dismiss the slander and IIED claims under the TCPA on August 13, 2020.[4] They later amended the motion. They argued that the slander claim was based on or in response to Kenneth Wells's exercise of the right of free speech because his statements were related to the Crowells' "false and misleading statements" made in connection with the sale of real property "and the community's concern related to the enforceability of contracts particularly those related to the purchase of a home." The Wellses asserted Kenneth Wells's "statements were directed to the contractual terms requiring replacement of the roof" and made in connection with "a disagreement over the enforceability of a state approved form of contract as well as the language prepared by the Texas Real Estate Commission and its licensees contained in the Amendment."

The Wellses argued the IIED claim was based on or in response to their exercise of the right to petition because the Crowells pleaded that the pre-trial demand letter was meant solely to harass them and pressure them into making a payment to the Wellses.

---

[4] The motion to dismiss was filed on behalf of both of the Wellses even though the slander and IIED claims are directed at Kenneth Wells.

Following a hearing, the trial court denied the motion to dismiss on November 5, 2020. The Wellses then filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12) (providing for appeal of interlocutory order denying TCPA motion to dismiss).

**Standard of Review and Applicable Law**

We review the trial court's ruling on a TCPA motion to dismiss de novo. *Dallas Morning News v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). The TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). Our review requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). Initially the moving party must demonstrate that the legal action against it is based on or is in response to the movant's exercise of the right of free speech, to petition, or of association. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). If the movant meets its burden, the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *See id.* § 27.005(c). If the nonmoving party satisfies that requirement, the burden shifts back to the movant to establish an affirmative defense or other ground on which it is entitled to judgment as a matter of law. *Id.* § 27.005(d). If the movant meets its burden in this third step, the trial court must dismiss the action. *See id.*

In determining whether a legal action is subject to dismissal under the TCPA,

the court considers the pleadings, evidence a court could consider in a motion for summary judgment, and supporting and opposing affidavits stating the facts on which liability or a defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a); TEX. R. CIV. P. 166a.

We conduct "a holistic review of the pleadings." *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018). Our analysis is not constrained by the "precise legal arguments or record references" made by the moving party regarding the TCPA's applicability. *Id.* Rather, our focus is "on the pleadings and on whether, as a matter of law, they are based on or [in response to] to a matter of public concern." *Id.* A plaintiff's pleadings are usually "'the best and all-sufficient evidence of the nature of the action.'" *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (citation omitted). We consider the pleadings and supporting and opposing affidavits in the light most favorable to the non-movant. *QBE Americas, Inc. v. Walker*, No. 05-20-00439-CV, 2021 WL 1976459, at *2 (Tex. App.—Dallas May 18, 2021, no pet.) (mem. op.); *Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.).

Lastly, we do not "blindly accept" attempts by the movant to characterize the nonmovant's claims as implicating protected expression. *Damonte v. Hallmark Fin. Servs., Inc.*, No. 05-18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.) (citing *Sloat v. Rathbun*, 513 S.W.3d 500, 504–

05 (Tex. App.—Austin 2015, pet. dism'd)). Rather, we view the pleadings in the light most favorable to the nonmovant and favor the conclusion that the claims are not predicated on protected expression. *Id*. "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh*, 526 S.W.3d at 467.

### Analysis

### A. Right to Petition

In their first issue, the Wellses argue the pre-suit demand letter sent by their attorney was an exercise of their right to petition under the TCPA and the letter "forms a portion" of the Crowells' claims. They contend the pre-suit demand letter was an exercise of the right to petition under section 27.001(4)(E). TEX. CIV. PRAC. & REM. CODE § 27.001(4)(E) (defining right to petition as communication falling within protection of right to petition government under United States or Texas constitutions). But the Wellses must also demonstrate the legal action is based on or in response to the exercise of the right to petition. After reviewing the petition and the evidence presented to the trial court, we conclude the claims for slander and IIED are not based on or in response to the demand letter.

Kenneth Wells stated in his affidavit that the allegations regarding the IIED claim "relate solely to a pre-suit demand letter from my attorney." But he did not state any facts to support this legal conclusion. Furthermore, the language of the petition refutes this contention. The petition described Kenneth Wells's accusations

–8–

at the grocery store as a "blatant lie meant to disparage the reputation of Plaintiffs" and "meant only to harass Plaintiffs." The Crowells alleged Kenneth Wells publicly accused them of committing insurance fraud and "pulling a stunt," that the accusations were false, Wells knew they were false, and the accusations were made for the purpose of damaging the Crowells' reputations. They also alleged that Kenneth Wells intentionally waited until Suzon Crowell was separated from her husband, approached her in a hostile manner, and repeatedly accused her, causing her fear of imminent bodily injury. This conduct, they alleged, was extreme and outrageous and caused Suzon Crowell severe emotional distress. Thus, the allegations regarding the slander and IIED claims do not relate solely to the demand letter.

The Wellses argue the Crowells' claims are "related to" the demand letter because there is some connection, reference, or relationship between them and the claims are in response to the communication because they "react to or are asserted subsequently" to the communication, citing *CVK Enterprises, L.L.C. v. Pullen*, No. 13-20-00047-CV, 2020 WL 6602153, at *4 (Tex. App.—Corpus Christi Nov. 12, 2020, no pet.) (mem. op.).

*CVK Enterprises* was decided under the prior version of the statute, which required that the legal action be "based on, related to, or is in response to" the exercise of a protected right. *Id.* at *4 n.1; *see* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at TEX.

–9–

CIV. PRAC. & REM. CODE § 27.005(b)). This suit, however, was filed after the effective date of the 2019 amendment to the TCPA and the current version of the statute applies here.

In 2019, the Legislature narrowed the scope of the TCPA by, among other things, deleting the "related to" language in section 27.005(b).[5] Thus under the current statute, the movant must demonstrate that the plaintiff's legal action is "based on" or "in response to" the movant's exercise of a protected right. The Wellses' reliance on the "related to" definition and cases applying that definition does not satisfy their burden.

Looking at the petition and the affidavit in the light most favorable to the Crowells, we conclude the claims are not based on or in response to the demand letter. Although the petition mentions the demand letter and asserts that it contained false allegations meant to harass them, the gravamen of the slander and IIED claims is the altercation between Kenneth Wells and Suzon Crowell in the grocery store.

---

[5] *See Union Pac. R.R. Co. v. Chenier*, No. 01-21-00073-CV, 2021 WL 3919216, at *5 (Tex. App.—Houston [1st Dist.] Sept. 2, 2021, no pet. h.) (concluding Legislature's removal of "related to" phrase from current TCPA narrowed the "categories of connections a claim could have to the exercise" of a protected right (quoting *ML Dev, LP v. Ross Dress For Less, Inc.*, No. 01-20-00773-CV, 2021 WL 2096656, at *2 (Tex. App.—Houston [1st Dist.] May 25, 2021, no pet. h.)); *Black v. Woodrick*, No. 07-20-00083-CV, 2021 WL 1113149, at *2 n.3 (Tex. App.—Amarillo Mar. 23, 2021, no pet.) (mem. op.) ("The TCPA was amended effective September 1, 2019, to narrow its application."); *Smith v. Arrington*, No. 07-19-00393-CV, 2021 WL 476339, at *3 (Tex. App.—Amarillo Feb. 9, 2021, no pet.) (mem. op.) ("the TCPA was amended . . . to narrow its application"); *see also Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *3 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.) (noting that legislative history of definition of "matter of public concern" reflected legislature's intent to narrow TCPA's scope in 2019 amendments); *Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 297 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (applying prior version of TCPA but stating, "We presume that the legislature intended to narrow the Act's reach by removing the 'relates to' language during the last legislative session[.]").

As this Court has recognized, a "nonmovant's reference to a judicial proceeding in a petition does not necessarily establish that a movant has engaged in any communication constituting an exercise of a right to petition under section 27.001(4) or that the nonmovant's claims are based on or in response to such communication." *Jordan v. JP Bent Tree, LP*, No. 05-19-01263-CV, 2020 WL 6128230, at *6 (Tex. App.—Dallas Oct. 19, 2020, pet. denied) (mem. op.). We conclude the Wellses failed to demonstrate the slander and IIED claims were based on or in response to the demand letter. We need not decide whether under these facts the demand letter was an exercise of the right to petition. *See* TEX. R. APP. P. 47.1. We overrule the Wellses' first issue.

## B. Free Speech

In their second issue, the Wellses argue the slander claim is based on their exercise of the right of free speech as defined in the TCPA.

The TCPA defines the exercise of the right of free speech as a communication made in connection with a matter of public concern. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(3). A matter of public concern is defined as:

> (7) "Matter of public concern" means a statement or activity regarding:
>
>> (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;
>>
>> (B) a matter of political, social, or other interest to the community; or
>>
>> (C) a subject of concern to the public.

–11–

*Id.* § 27.001(7).

No one contends the communication was made in connection with a statement or activity regarding a public official, public figure, or other person who has drawn substantial public attention. We consider whether the Wellses demonstrated the communication was made in connection with a statement or activity regarding a matter of political, social, or other interest to the community or a subject of concern to the public.

The communication involved in this case is not explained in detail. However, the Crowells alleged in their petition that Kenneth Wells committed slander when he approached Suzon Crowell in the grocery store and accused the Crowells of committing insurance fraud and "pulling a stunt" regarding the sale of the house. Kenneth Wells does not elaborate on the communication in his affidavit, stating merely that the communication was true in his opinion.

The Wellses contend the communication was made in connection with a "disagreement over the enforceability of a state approved form of contract as well as the language prepared by the Texas Real Estate Commission and its licensees."[6] We do not see how the use of TREC-approved forms converts a private contract into a matter of public concern. Regardless of the pre-printed form used for the contract,

---

[6] The Texas Real Estate Commission (TREC) has approved several forms for real estate transactions and requires licensed real estate agents to use those forms unless an exception applies. *See* 22 TEX. ADMIN. CODE § 537.11(a).

–12–

the contract once formed was a private contract between private individuals for the sale of a private residence.

The Wellses also argue the statement was directed at the contractual term requiring replacement of the roof. But that was a privately negotiated term, not part of the TREC approved form. And even if the statement was about the language in the TREC form, there are no facts in the record showing that the wording of those forms is a matter of public concern. The issue here is whether Kenneth Wells slandered the Crowells by accusing them of insurance fraud and "pulling a stunt." His alleged statement about the contract term requiring replacement of the roof does not implicate a matter of political, social, or other interest to the community or of concern to the public.

The Wellses further contend that because the TREC forms were used for the sale of the house, the statement has "some relevance" to a wider audience of property buyers and affects the well-being of the community at large. This contention, however, does not demonstrate that the statement was about a matter of public concern under the current version of the TCPA.

The "some relevance" language comes from the analysis of the definition of a "matter of public concern" in the prior version of the TCPA in *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 134–35 (Tex. 2019). The issue in *Creative Oil & Gas* was whether a communication regarding the termination of an oil and gas lease was a matter of public concern under the prior statutory definition

that included issues related to "a good, product, or service in the marketplace." 591 S.W.3d at 134. The supreme court analyzed the statutory language and concluded the "'in the marketplace' modifier suggests that the communication about goods or services must have some relevance to a wider audience of potential buyers or sellers in the marketplace, as opposed to communications of relevance only to the parties to a particular transaction." *Id*. The court explained:

> The words "good, product, or service in the marketplace," however, do not paradoxically enlarge the concept of "matters of public concern" to include matters of purely private concern. As explained above, the "in the marketplace" modifier suggests that the communication must have some relevance to a public audience of potential buyers or sellers.

*Id*. at 135.

The Legislature substantively amended the definition of "matter of public concern" in 2019 and deleted the "good, product, or service in the marketplace" and "environmental, economic, or community well-being" language from the definition. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(7); *see also Vaughn-Riley v. Patterson*, No. 05-20-00236-CV, 2020 WL 7053651, at *3 (Tex. App.—Dallas Dec. 2, 2020, no pet.) (mem. op.) (noting that legislative history of definition of "matter of public concern" reflected legislature's intent to narrow TCPA's scope in 2019 amendments). Thus, the Wellses' argument is of little help in analyzing this case, which is governed by the current statute. Even so, under the broad definition of "matter of public concern" in the prior version of the TCPA, the supreme court concluded that private business communications to third-party purchasers of a single

well's production were not matters of public concern:

> The record is devoid of allegations or evidence that the dispute had any relevance to the broader marketplace or otherwise could reasonably be characterized as involving public concerns. On the contrary, the alleged communications were made to two private parties concerning modest production at a single well. These communications, with a limited business audience concerning a private contract dispute, do not relate to a matter of public concern under the TCPA.

*Creative Oil & Gas*, 591 S.W.3d at 136 (footnote omitted). The court concluded, "[a] private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words." *Id.* at 137. This statement is even more true in light of the changes to the definition of "matter of public concern" in the current statute.

Here, the slander claim is based on alleged false accusations of insurance fraud and "pulling a stunt." This is a private dispute regarding the sale of a house and affects only the fortunes of the private parties involved. We conclude that Kenneth Wells' alleged statement accusing the Crowells of insurance fraud and "pulling a stunt" was not made in connection with a matter of public concern. Therefore, the Wellses failed to demonstrate that the Crowells' legal action for slander was based on or in response to Kenneth Wells's exercise of the right of free speech. We overrule the Wellses' second issue.

## Conclusion

The record fails to demonstrate that the slander and IIED claims are based on or in response to the Wellses' exercise of the right to petition or the right of free

speech as defined in the TCPA. Accordingly, the trial court did not err by denying

the motion to dismiss. We affirm the trial court's order.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

201042f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH CRAIG WELLS AND DUSTY WELLS, Appellants

No. 05-20-01042-CV     V.

MARK CROWELL AND SUZON CROWELL, Appellees

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. CV-20-0760.
Opinion delivered by Justice Nowell. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MARK CROWELL AND SUZON CROWELL recover their costs of this appeal from appellant KENNETH CRAIG WELLS AND DUSTY WELLS.

Judgment entered this 20th day of December, 2021.